UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAMIN DIXON,

                Petitioner,                CASE NUMBER: 14-cv-10955

v.                                  HONORABLE STEPHEN J. MURPHY, III

CATHERINE BAUMAN,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS (document no. 1) AND DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Hamin Dixon, confined at the Kinross Correctional Facility in Kincheloe, Michigan,

seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application,

Dixon challenges his conviction for possession with intent to deliver less than fifty grams

of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv), and attempted carrying and concealing

a weapon, Mich. Comp. Laws § 750.227b. Respondent Catherine Bauman[1] filed a motion

for summary judgment, contending that petitioner failed to comply with the statute of

limitations contained in 28 U.S.C. § 2244(d)(1).[2] For the reasons stated below, the petition

_____

[1] Catherine Bauman was the warden of the Kinross Correctional Facility when
Dixon filed for habeas relief. She has since been replaced by Duncan MacLaren.

[2] Respondent also suggested that this Court decline to review Dixon's claims
under the concurrent sentence doctrine, because petitioner is serving a sentence of
twenty-two and a half to forty years in another case. The concurrent sentence doctrine
allows a federal court to decline to review habeas corpus petitions "which challenge
criminal convictions that have resulted in sentences, and other collateral consequences,
which are wholly subsumed by those conferred by other unassailable convictions."
*Wilson v. Straub*, 185 F. Supp. 2d 766, 769 (E.D. Mich. 2002) (internal quotation
omitted). A federal district court should exercise its discretion to decline to review a

for a writ of habeas corpus is denied.

## BACKGROUND

Dixon pleaded guilty to the above charges in the St. Clair County Circuit Court on May 20, 2003 and was originally sentenced to a term of probation. After violating his probation, he was sentenced on September 24, 2004 to seventeen months to twenty years in prison. The Michigan Court of Appeals affirmed Dixon's conviction on October 14, 2004. *People v. Dixon,* No. 257066 (Mich. Ct. App. Oct. 14, 2004). Dixon did not file an application for leave to appeal with the Michigan Supreme Court.[3]

On March 5, 2012, Dixon filed a post-conviction motion for relief from judgment, which was denied by the trial court. *People v. Dixon*, No. 02-002599-FH/03-000850-FH (St. Clair Cnty. Cir. Ct. Mar. 14, 2012). The Michigan appellate courts denied petitioner leave to appeal. *People v. Dixon*, No. 309468 (Mich. Ct. App. Sept. 19, 2012); *lv. den.* 494 Mich. 854 (2013).

On August 30, 2012, Dixon filed a second post-conviction motion for relief from judgment with the trial court, which was denied pursuant to Michigan Criminal Rule 6.502(G)(2) because he did not identify any retroactive change in the law or newly

---

habeas claim under the concurrent sentence doctrine only in cases where it is clear that there are no collateral consequences to the petitioner and the issue does not involve a significant question that merits consideration. *Id.* "The concurrent sentencing doctrine is a discretionary one, and courts 'are admittedly hesitant to apply [it].'" *Groves v. Meko*, 516 Fed. App'x 507, 508 (6th Cir. 2013) (quoting *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989)). The Court declines to invoke the concurrent sentence doctrine because Bauman made no effort to demonstrate a lack of collateral consequences attaching to Dixon's convictions. *Pillette v. Berghuis*, 408 Fed. App'x 873, 886 n.8 (6th Cir. 2010).

[3] *See* Notice of Filing Rule 5 Materials, Aff. of Larry Royster, Clerk of the Michigan Supreme Court, Mar. 31, 2014, ECF No. 10-17.

discovered evidence that would permit him to file a successive post-conviction motion. *People v. Dixon*, No. 02-002599-FH/03-000850-FH (St. Clair Cnty. Cir. Ct. Sept. 14, 2012). Dixon did not appeal the denial of his second motion for relief from judgment. Dixon's habeas petition is signed and dated February 26, 2014.[4]

## LEGAL STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir. 2000) (quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact-finder could return a verdict in his favor. *Id.* "The summary judgment rule applies to habeas proceedings." *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). The one-year statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on February 26, 2014, the date that it was signed and dated. *See Towns v. United States,* 190 F.3d 468, 469 (6th Cir. 1999).

3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

## DISCUSSION

### Statute Of Limitations

In the present case, the Michigan Court of Appeals affirmed Dixon's conviction on his direct appeal on October 14, 2014. Dixon never filed an application for leave to appeal this decision to the Michigan Supreme Court

If a petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. See *Jimenez v. Quarterman*, 555

4

U.S. 113, 119 (2009); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) (explaining that a federal judgment becomes final "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires"). Under Supreme Court Rule 13, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R. 13(1).

When, however, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012) (clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

Dixon had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. Mich. Crim. R. 7.302(C). The expiration of the fifty-six days represents the expiration of the time for seeking direct review of Dixon's judgment of conviction. The one-year statute of limitations therefore began to run at that time. *Gonzalez*, 132 S. Ct. at 653–54.

Because Dixon did not file an application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of Section 2244(d)(1)(A), on December 9, 2004, when the time for seeking leave to appeal with the Michigan Supreme Court expired. See *Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Absent any tolling, Dixon had until

5

December 9, 2005 to file his habeas petition in compliance with the statute of limitations.

Dixon filed his first post-conviction motion for relief from judgment on March 5, 2012, long after the one-year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). Dixon's second motion for relief from judgment, which was also filed in the state court after the expiration of limitations period, likewise did not toll the limitations period. *See Parker v. Renico,* 105 Fed. App'x 16, 18 (6th Cir. 2004); *Hunt v. Stegall,* 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001). Dixon's habeas petition is untimely.

The mere fact that Dixon raised a claim of ineffective assistance of appellate counsel in his first post-conviction motion would not re-start the one-year limitations process anew. A motion for state post-conviction review which alleges ineffective assistance of appellate counsel tolls, but does not restart, AEDPA's limitations period. *See Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004); *see also McClendon v. Sherman,* 329 F.3d 490, 493 (6th Cir. 2003). Because the limitations period had already expired by the time the post-conviction motion was filed, the fact that petitioner alleged the ineffective assistance of appellate counsel in this motion would not revive the statute of limitations.

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is "entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth

6

Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one-year limitations period. *Id.* Dixon is not entitled to equitable tolling of the one-year limitations period, because he has failed to argue or show that the circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. App'x 145, 147 (6th Cir. 2007).

The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned "that tenable actual-innocence gateway pleas are rare[.]" *Id.* at 1942. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Dixon's case falls outside of the actual innocence tolling exception enunciated in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is also inapplicable, in light of the fact that Dixon pleaded

7

guilty to the charges that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner has failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his guilty plea. *See Connolly v. Howes,* 304 Fed. App'x 412, 419 (6th Cir. 2008). Any actual innocence claim is also unpersuasive in light of Dixon's unexplained lengthy delay in pursuing his state and federal post-conviction remedies. *See Freeman v. Trombley,* 483 Fed. App'x 51, 64–65 (6th Cir. 2012).

Certificate Of Appealability

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if petitioner is entitled to a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid

8

claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 854 (E.D. Mich. 2010).

The Court will deny Dixon a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that petitioner had filed his habeas petition outside of the one-year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal in forma pauperis*,* because the appeal would be frivolous. *Id.*

## ORDER

**WHEREFORE**, it is hereby ordered that Dixon's Petition for a Writ of Habeas Corpus (document no. 1) is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Dixon will be **DENIED** leave to appeal in forma pauperis.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 12, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2014, by electronic and/or ordinary mail.

9

s/Carol Cohron
Case Manager